UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PEGGY RUSH,

     Plaintiff,

v.                                                                  Case No:       3:15-cv-535-J-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## OPINION AND ORDER

Plaintiff, Peggy Rush, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and Disability Insurance Benefits ("DIB").  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number) and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B.  Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence."  *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Dep't. of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994).  The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case.  42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability.  20 C.F.R. §§ 404.1520, 416.920.  At step one, the claimant must prove that she is not undertaking substantial gainful employment.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *see* 20 C.F.R. § 404.1520(a)(4)(i).  If a claimant is engaging in any substantial gainful activity, she will be found not disabled.  20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id.* At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. §§ 1520(a)(4)(iv), 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id.*

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id.* In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the

use of a vocational expert ("VE").  *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner.  *Doughty v. Apfel*, 245 F.3d at 1278 n.2.

### C.  Procedural History

Plaintiff filed an application for a period of disability and DIB on December 7, 2011, alleging disability beginning October 14, 2010.  (Tr. 188-92).  Plaintiff's application was denied initially on January 3, 2012, and upon reconsideration on January 30, 2012.  (Tr. 105-07, 108-09). Plaintiff requested a hearing and on November 22, 2013, a hearing was held before Administrative Law Judge Patrick F. McLaughlin (the "ALJ").  (Tr. 32-102).  On December 18, 2013, the ALJ entered an unfavorable decision.  (Tr. 20-31).  Plaintiff requested review of the ALJ's decision and the Appeals Council denied review on March 24, 2015.  (Tr. 1-3).  Plaintiff initiated the instant action by Complaint (Doc. 1) filed on April 27, 2015.

### D.  Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 14, 2010, through the date of the decision.  (Tr. 22).  At step two, the ALJ found that Plaintiff had one severe impairment, right shoulder impingement. (Tr. 23).   At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  (Tr. 23).

Before proceeding to step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) except she is limited
> to only occasional lifting of 10 pounds with the right upper extremity and

- 4 -

5 pounds frequently with the right upper extremity and 20 pounds occasionally and 10 pounds frequently with the left upper extremity; frequent climbing, balancing, stooping, kneeling, crouching and crawling; only occasional exposure to heights and hazards; frequent gross manipulation with the right hand; frequent use of hand controls with the right hand; occasional reaching above head with the right upper extremity; outstretched reaching is prohibited but less than outstretched reaching is allowed.

(Tr. 23). At step four, the ALJ found that Plaintiff is capable of performing her past relevant work as an assembler, production; manager, retail; cashier II; and as a baked goods stock clerk. (Tr. 27). The ALJ concluded that Plaintiff was not under a disability since October 14, 2010, through the date of the decision. (Tr. 27).

## II.    Analysis

Plaintiff argues generally that the ALJ's decision is not supported by substantial evidence. Specifically, Plaintiff contends that the ALJ erred by failing to state the weight accorded to the opinion of treating orthopedist, R. Edward Glenn, Jr., M.D., and the vocational analysis Caldwell Rehabilitation. (Doc. 17 p. 6-10). Plaintiff contends that while the ALJ discussed the opinions of Dr. Glenn, he never specified the weight accorded to Dr. Glenn's opinion. In addition, Plaintiff argues that the hypothetical question posed to the VE did not include all of the limitations opined by Dr. Glenn. (Doc. 17 p. 6-7). In addition, Plaintiff contends that the vocational assessment from Caldwell Rehabilitation contradicts the VE's testimony and that the ALJ should have explained why the vocational assessment was not accepted. (Doc. 17 p. 9). In response, Defendant argues that the ALJ considered all the evidence of record and the ALJ's decision shows which opinions the ALJ credited and which opinions he rejected. (Doc. 19 p. 9-11).

In this case, while the ALJ considered and discussed the opinions offered by Dr. Glenn, the ALJ never specified the weight he accorded these opinions. By failing to do so, the Court finds that the ALJ erred. The Eleventh Circuit has held that whenever a physician offers a statement

reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

Here, Defendant acknowledges that the ALJ did not state with particularity the weight given to Dr. Glenn's opinions, but contends that the ALJ's decision makes clear that he rejected one of Dr. Glenn's opinions (i.e., the opinion dated May 17, 2011) and credited others (i.e., the opinions dated June 8, 2011). (Doc. 19 p. 9). The fact that Defendant claims that some opinions were credited while others were not, underscores the importance of *Winschel*'s directive that an ALJ provide clarity when weighing medical opinions. Without a specific statement, the Court can only speculate as to how the ALJ used the opinions of Dr. Glenn in formulating his RFC finding. The ALJ erred by failing to state the weight he accorded the opinions of treating orthopedist Dr. Glenn and the Court finds it appropriate to remand this case for him to do so.

As to the opinion from Dr. Caldwell, although the ALJ did not specify the exact weight given to the opinion, the ALJ noted that "Dr. Caldwell opined that the claimant would be limited to a significantly reduced range of light work and noted that because of the limitations on reaching with her right upper extremity, she would be limited to no more than occasional reaching." (Tr. 25). The ALJ explained that "these limitations have been incorporated into the established residual functional capacity." (Tr. 25). Thus, while the ALJ did not specify the weight given to the opinion,

the context makes it unambiguous that the ALJ credited Dr. Caldwell's opinion and adopted his limitation findings.  Accordingly, the Court finds no error in the ALJ's treatment of Dr. Caldwell's opinion.

## III.    Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 16, 2016.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties